UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL T. HUDSON,

                              Plaintiff,

        v.                                                      9:20-CV-0581 (LEK/DJS)

C. KIRKEY, *et al.*,

                              Defendants.

_____

## MEMORANDUM-DECISION AND ORDER

## I.      INTRODUCTION

        Pro se plaintiff Michael T. Hudson filed a 42 U.S.C. § 1983 action against Correction

Officer C. Kirkey, Sergeant John Doe, Correction Officers John Does 1–7, Nurse Jane Doe, and

Doctor John Doe, alleging violations of his constitutional rights. Dkt. No. 1 ("Complaint"). On

January 26, 2021, the Honorable Daniel J. Stewart, United States Magistrate Judge,

recommended that Kirkey's motion for summary judgment, Dkt. No. 17 ("Motion"), be granted

due to Plaintiff's failure to exhaust his claims, and Plaintiff's claims against John Does 1–7,

Nurse Jane Doe, and Doctor John Doe be dismissed sua sponte for the same reason. Dkt. No. 25

("Report-Recommendation"). For the reasons that follow, the Court rejects the Report-

Recommendation.

## II.     BACKGROUND

### A.  Factual Background

        The facts are detailed in the Report-Recommendation, familiarity with which is assumed.

See R. & R. at 2–3.

**B.  The Motion**

Kirkey moves for summary judgment on exhaustion grounds. See generally Mot. Kirkey

argues that Plaintiff failed to file or appeal any grievance pertaining to the events giving rise to

his claims. See Mot. at 8–9.

**C.  Response**

In his response, Plaintiff argues that the factual contentions that he submitted his

grievance are consistent with Kirkey's contentions that there is no record of the grievance having

been filed. See Dkt. No. 23 ("Response")[1] at 1. Plaintiff asks the Court to infer that prison

officials somehow thwarted the filing of his grievance after Plaintiff attempted to submit it. Id.;

Dkt. No. 21 ("Plaintiff's Supplemental Letter")[2] at 1. On this basis, Plaintiff argues that he

should be excused from the exhaustion requirement, as the grievance process was unavailable.

See id.; see also Riles v. Buchanan, 656 Fed. App'x 577, 580 (2d Cir. 2016) ("An administrative

procedure is unavailable when . . . 'prison administrators thwart inmates from taking advantage

of a grievance process through machination, misrepresentation, or intimidation.'") (quoting Ross

v. Blake, 136 S.Ct. 1850, 1859–60 (2016)).

---

[1]  Because Plaintiff has sworn to the allegations in his Response under penalty of perjury, the Court treats his factual allegations as the legal equivalent of an affidavit, for evidentiary purposes. See McLean v. LaClair, No. 19-CV-1227, 2021 WL 671650, at *9 n.2 (N.D.N.Y. Feb. 22, 2021) (Kahn, J.) (finding that plaintiff's complaint was a sworn statement since it was affirmed under penalty of perjury).

[2]  Plaintiff submitted his Supplemental Letter and Response following the filing of Kirkey's Motion. The Supplemental Letter elaborates on Plaintiff's attempt to file his grievance and was referred to in the Report-Recommendation and in Plaintiff's objections to the Report-Recommendation. See Dkt. No. 26 ("Objections").

Plaintiff presents the following evidence supporting his factual assertion that he submitted his grievance: (1) his sworn Response, in which he attests he did so, <u>see</u> Resp. at 1; (2) his Supplemental Letter in which he attests he did so, that a correction officer threw away his grievance, and that he filed an similar grievance through the Office of Special Investigation ("OSI"), Pl.'s Supplemental Letter at 1.

### D. Report-Recommendation

The magistrate judge recommended granting summary judgment on exhaustion grounds. In doing so, the magistrate judge relied on a string of district court cases in this Circuit doing the same when a plaintiff offered only "conclusory" assertions that he submitted a grievance that was never filed. <u>See</u> R. & R. at 7–9.

### E. Objections

In his Objections, Plaintiff reiterates an argument from his Response and Supplemental Letter regarding exhaustion. <u>See</u> Objs. Namely, he clarifies that, while he does not dispute that his grievance was never filed with the Inmate Grievance Resolution Committee ("IGRC"), he filed a similar grievance with OSI around the same time and submitted a request under the New York State Freedom of Information Law for a copy of that grievance. <u>Id.</u> at 1–2.

## III.   STANDARDS OF REVIEW

### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b). However, if no objections are made, or if an objection is general, conclusory,

perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court

need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No.

11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp.

2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of

N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."

§ 636(b).

### B.  Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only

where "there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden to demonstrate

through "pleadings, depositions, answers to interrogatories, and admissions on file, together with

[ ] affidavits, if any," that there is no genuine issue of material fact. F.D.I.C. v. Giammettei, 34

F.3d 51, 54 (2d Cir. 1994) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986))

(alteration in original).

To defeat a motion of summary judgment, the non-movant must set out specific facts

showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of

the facts submitted by the movant. Fed. R. Civ. P. 56(a). Sworn statements are "more than mere

conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact,

made under penalty of perjury, and should be treated as evidence in deciding a summary

judgment motion." Scott v. Coughlin, 344 F.3d 282, 289 (2d Cir. 2003). The credibility of such statements is better left to a trier of fact. Id.

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. Nora Beverages, Inc. v. Perrier Group of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). Furthermore, when a party is proceeding pro se, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Summary judgment is only appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### C.  Exhaustion

The Prison Litigation Reform Act ("PLRA") governs federal civil rights litigation by incarcerated individuals. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by an incarcerated individual confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all incarcerated individual suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." Amador v. Andrews, 655 F.3d 89, 96 (2d Cir. 2011) (citations omitted).

To exhaust administrative remedies, an incarcerated individual must complete all of the administrative review procedures according to the rules applicable to the institution in which he

or she is confined. See Jones v. Bock, 549 U.S. 199, 218 (2007). Therefore, "untimely or otherwise procedurally defective attempts to secure administrative remedies do not satisfy the PLRA's exhaustion requirement." Ruggiero v. County of Orange, 467 F.3d 170, 176 (2d Cir. 2006).

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the IGRC. N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the superintendent of the facility. Id. § 701.5(c). Adverse decisions at the superintendent's level may be appealed to the Central Office Review Committee ("CORC"). Id. § 701.5(d).

## IV.    DISCUSSION

As Plaintiff's Objections reiterate arguments he has already presented, the Court reviews the Report-Recommendation for clear error. Having done so, the Court concludes that the magistrate judge committed clear error in his exhaustion analysis, by straying from well-established summary judgment principles.

The magistrate judge placed a greater evidentiary burden on Plaintiff than is required to survive summary judgment. With respect to the parties' factual disagreement over whether Plaintiff submitted his initial grievance, the Court notes that this dispute essentially boils down to a clash of sworn statements. Plaintiff attested that he gave his grievance to a correction officer, Objs. at 1, and Kirkey submitted sworn statements from inmate grievance program supervisors indicating that a review of their records revealed that no grievance was filed, Dkt. Nos. 17-4 ("Cieslak Declaration") at 6, 17-8 ("Pickett Declaration") at 5. To the extent that these statements are in contradiction, the Court cannot resolve this contradiction at the summary

6

judgment stage, because the Court is prohibited from making credibility determinations. See McLean, 2021 WL 671650, at *6.

The magistrate judge cites a number of cases in which courts granted summary judgment when a plaintiff offered only "bare" or "unsupported" assertions that he submitted a grievance that was never filed. See R. & R. at 7–9. However, Plaintiff's factual contention that he gave his grievance to a correction officer *is* supported—by a sworn statement based on personal knowledge. This is sufficient in itself to enable Plaintiff to survive summary judgment. See McLean, 2021 WL 671650, at *7.

The magistrate judge may have implicitly applied a burden-shifting framework that courts in this District generally employ in adjudicating PLRA exhaustion at the summary judgment stage. As Chief Judge Suddaby explained:

> [T]he defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. See, e.g., Howard v. Goord, No. 96-CV-7471, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999). However, once a defendant has produced reliable evidence that such remedies were generally available, and the plaintiff nevertheless failed to exhaust those remedies, the plaintiff must then counter the defendant's proof by showing that, as to him or her, the remedy was unavailable. Smith v. Kelly, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013). "As a result, practically speaking, while the burden on this affirmative defense remains at all times on the defendant, the plaintiff may sometimes have to adduce evidence in order to defeat it." Id. . . . [W]hile the burden of production may shift to a plaintiff when a court considers whether the grievance process was unavailable, the ultimate burden of proof with respect to the exhaustion defense remains, at all times, with the defendant.

Coleman v. Nolan, No. 15-CV-40, 2018 WL 4732778, at *4 (N.D.N.Y. Oct. 2, 2018) (other internal quotation marks and citations omitted).

This burden-shifting framework does not ultimately mandate a greater evidentiary showing from Plaintiff than would otherwise be required during summary judgment. See McLean, 2021 WL 671650, at *7. A presumption is not a form of "super-evidence" that heightens the opposing party's evidentiary burden in rebuttal. Id. Indeed, a presumption is not evidence at all. See id.; see also Emhart Industries, Inc. v. Universal Instruments Corp., No. 89-CV-6, 1992 WL 442248, at *10 (N.D.N.Y. June 22, 1992) ("[A] presumption is not evidence."). A presumption's only effect is to require the party contesting it to produce enough evidence substantiating the presumed fact's absence to withstand a motion for summary judgment. See McLean, 2021 WL 671650, at *7.

Put differently, once Kirkey introduced evidence that there was a functional grievance system, see, e.g., Cieslak Decl., Plaintiff could not have survived summary judgment by simply pointing to Kirkey's failure to introduce evidence that this process was specifically available to Plaintiff. Rather, in order to make the presumption of availability "vanish," Plaintiff had to produce competent evidence supporting unavailability. See McLean, 2021 WL 671650, at *8. But once he did so, by submitting a sworn statement that he gave his grievance to a correction officer, he was not then required to produce a greater amount of evidence than normally required of a non-movant at the summary judgment stage. Id. Since a sworn statement based upon personal knowledge is sufficient when opposed only by a movant's conflicting sworn statement, Plaintiff's evidence is sufficient here. Id.

Moreover, all of the Court's foregoing analysis rests on an assumption that there is a conflict between Plaintiff's sworn statement that he gave his grievance to a correction officer and Kirkey's sworn statement that the grievance was never filed. In reality, the sworn statements

8

from each side are not necessarily inconsistent. Since the Court is required to draw reasonable inferences in Plaintiff's favor, the Court must infer that the grievance was never filed because prison authorities did not file it, not because Plaintiff did not attempt to submit it.  See id. at *7; see also Zulu v. Barnhart, No. 16-CV-1408, 2019 WL 2997226, at *13 (N.D.N.Y. Apr. 22, 2019) ("Defendants' evidence is largely consistent with plaintiff's claim that . . .  the timely grievances that he attempted to submit while confined to the SHU at Marcy were not filed. The absence of any official records of plaintiff's initial attempts to give the incident comports with plaintiff's assertion that once he handed a grievance through the feed-up hatch in the SHU, it was out of his possession and it was not filed."), report and recommendation adopted, No. 16-CV-1408, 2019 WL 2150628 (N.D.N.Y. May 17, 2019). Kirkey has thus failed to meet his burden to demonstrate the absence of a material factual dispute.

Accordingly, Kirkey has failed to demonstrate the absence of a material factual dispute as to whether the grievance process was "unavailable" due to the machinations or misrepresentations of prison officials who inhibited the filing of Plaintiff's submissions. See McLean, 2021 WL 671650, at *9. In order to determine whether Plaintiff properly exhausted administrative remedies, the Court must hold a hearing, at which a fact-finder can assess the credibility of witnesses and the relative weight of the evidence the parties present. See id. at *7.

For these same reasons, the Court finds clear error in the magistrate judge's recommendation of sua sponte dismissal for Plaintiff's claims against the unnamed John Doe and Jane Doe defendants due to Plaintiff's failure to exhaust.

V.      **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 25) is **REJECTED**. Kirkey's motion for summary judgment (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      May 17, 2021
            Albany, New York

Lawrence E. Kahn
U.S. District Judge

10