**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MICHAEL T. HUDSON,

                             Plaintiff,
                                                                                          9:20-CV-581
            v.                                                                                (LEK/DJS)

CORRECTION OFFICER C. KIRKEY, *et al.*,

                             Defendants.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

MICHAEL T. HUDSON
Plaintiff, *Pro Se*
Easton, Pennsylvania 18402

HON. LETITIA JAMES                     MATTHEW GALLAGHER, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendant Kirkey
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

    *Pro se* Plaintiff Michael Hudson brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was in the custody of the Department of Corrections and Community Supervision ("DOCCS") at Mohawk Correctional Facility. *See* Dkt. No. 1, Compl. Defendant Kirkey has now filed a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(a), seeking to dismiss the Complaint in its entirety. Dkt. No. 49. Despite being granted an

extension of time to respond to the Motion, Plaintiff has filed no opposition. Dkt. No. 54.

For the reasons that follow, the Court recommends Defendant's Motion for Summary Judgment be **granted in part**.

## I. BACKGROUND

The allegations in the Complaint relate to several incidents Plaintiff contends occurred on September 4, 2019 while he was incarcerated at Mohawk Correctional Facility. *See generally* Compl. He alleges first that he was summoned to a Sergeant's Office to be questioned about whether he wished to act as a witness for another inmate who was claiming to have been assaulted by correctional staff. *Id.* at ¶ 12. Plaintiff alleges that he was intimidated by the unidentified staff present to sign a statement saying he had no knowledge of the incident and when he refused he was slapped several times by an officer while others present failed to intervene. *Id.* at ¶¶ 14-17. Plaintiff alleges that he was then beaten by several officers. *Id.* at ¶ 18.

According to the Complaint, Plaintiff was permitted to leave that office, return to his housing unit, and then went to his work assignment at the medical unit inside Mohawk Correctional Facility. *Id.* at ¶¶ 20-21. Plaintiff alleges that upon arriving at his work location, Defendant Kirkey further assaulted him. *Id.* at ¶ 22. Kirkey admits that he was involved in a use of force with Plaintiff, but denies using inappropriate or excessive force. Dkt. No. 49-2, Kirkey Decl. at ¶¶ 7-19 & 22. Plaintiff then alleges that unidentified medical staff denied him adequate medical care. Compl. at ¶¶ 32-37.

The Complaint names ten "Doe" Defendants. Plaintiff has not amended the Complaint to specifically identify those individuals.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). However, when a motion for summary judgment is unopposed, the court may "grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it." FED. R. CIV. P. 56(e)(3); *see also* L.R. 7.1(a)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to

file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion.").

## III. DISCUSSION

Defendant seeks summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies as well as partially on the merits. Dkt. No. 49-5, Def.'s Mem. of Law at pp. 4-11.[1] For the reasons which follow, the Court recommends that summary judgment be granted in part.

### A. Claims Involving an Alleged Assault By Defendant Kirkey

Defendant Kirkey is named as a Defendant only with respect to an alleged excessive force incident inside the medical unit at Mohawk C.F. Compl. at ¶¶ 22-31; Dkt. No. 10 at p. 5. Defendant Kirkey seeks summary judgment as to this claim based solely on the alleged failure of Plaintiff to file a grievance regarding this issue. Defendant has failed to carry his burden as to this argument, however, and the Court recommends that this part of the Motion for Summary Judgment be denied.

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or

---

[1] Defendant also seeks dismissal of any state law claims. Def.'s Mem. of Law at pp. 12-13. The District Court's initial Order under 28 U.S.C. §§ 1915(e) & 1915A, however, only permitted federal Eighth Amendment claims to proceed so it does not appear that there are state law claims in this action. Dkt. No. 10.

particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *see also Ross v. Blake*, 578 U.S. 632, 638 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Evans v. Jonathan*, 253 F. Supp. 2d 505, 509 (W.D.N.Y. 2003).

In New York, the administrative remedies consist of a three-step Inmate Grievance Program ("IGP"). First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). Plaintiff testified at his deposition that he did submit a written grievance regarding the alleged use of improper force by Defendant Kirkey. Dkt. No. 49-1, Pl.'s Dep. at pp. 107-110. On this Motion, Defendant has offered no factual evidence from any DOCCS official to establish that no grievance was filed.

Defendant's argument appears to be that Plaintiff later became aware that no grievance had actually been received at the correctional facility and nonetheless failed to act to further pursue administrative remedies. *See* Def.'s Mem. of Law at pp. 8-9. While that is one reasonable reading of the record, the record also reasonably can be read to assert that a grievance was submitted but never filed. *See* Dkt. No. 27 at p. 9. The Court notes that Defendant has not come forward with affirmative evidence on this Motion to establish that no grievance was filed. It is unclear why, if such evidence, existed, it was

not presented by Defendant.² "The record as it exists at this time contains an ambiguous account of [P]laintiff's efforts to complete the exhaustion process. Given that the Court must draw all reasonable inferences in [P]laintiff's favor, the Court must deny [Defendant's] motion for summary judgment at this time." *Evans v. Jonathan*, 253 F. Supp. 2d at 509.

### B. Plaintiff's Remaining Claims

Plaintiff's remaining claims concern an assault that the Complaint alleges took place in a Sergeant's office before Plaintiff arrived at the medical unit and the alleged denial of medical care after the alleged incident with Kirkey. Compl. at ¶¶ 15-18 & 32-37. These claims are subject to dismissal for several reasons.

First, no Defendant has been identified by Plaintiff as being responsible for these actions. The Complaint asserts these claims against ten Doe Defendants. Compl. at ¶¶ 5-9. "Where discovery has closed and the Plaintiff has had ample time and opportunity to identify and serve John Doe Defendants, it is appropriate to dismiss those Defendants without prejudice." *Delrosario v. City of New York*, 2010 WL 882990, at *5 (S.D.N.Y. Mar. 4, 2010). Dismissal of an unidentified Doe Defendant is appropriate pursuant to FED. R. CIV. P. 41(b), which permits a court to dismiss an action for failure to prosecute or to comply with a court order, and FED. R. CIV. P. 4(m), under which a court must dismiss, absent a showing of "good cause," claims against a defendant who is not served within ninety days of the filing of the complaint. *See Cusamano v. Sobek*, 604 F. Supp.

---

² The Court finds this omission particularly noteworthy given that such evidence was offered on Defendant's first motion. *See* Dkt. No. 17-4.

2d 416, 501-02 (N.D.N.Y. 2009). Therefore, because discovery is closed and Plaintiff has not amended the Complaint to identify new Defendants, the Court recommends that Plaintiff's claims against John Doe Defendants be dismissed.

Second, Plaintiff now concedes that no physical force was used against him in the Sergeant's office. Pl.'s Dep. at p. 25. Any claim of excessive force regarding Plaintiff's time in that office, therefore, should be dismissed.

Third, Plaintiff also concedes that he did not file any grievance regarding the alleged denial of medical care. *Id.* at p. 115. An Eighth Amendment medical indifference claim must be exhausted. *Lurch v. Bui*, 2020 WL 8450543, at *4 (N.D.N.Y. Dec. 8, 2020), *report and recommendation adopted sub nom. Lurch v. Jones*, 2021 WL 392486 (N.D.N.Y. Feb. 4, 2021). Plaintiff's conceded failure to grieve that claim warrants dismissal. *Benitez v. Salotti*, 2020 WL 1703208, at *8 (W.D.N.Y. Apr. 8, 2020).

Accordingly, this Court recommends that summary judgment be denied as to the excessive force claim against Defendant Kirkey, but that the remainder of the allegations in the Complaint be dismissed.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 49) be **GRANTED IN PART and DENIED IN PART** as set forth above; and it is further

**RECOMMENDED**, that the unidentified John Doe Defendants be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: December 27, 2022
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).