UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

MICHAEL T. HUDSON

                            Plaintiff,

    -against-                                    9:20-CV-00581 (LEK/DJS)

CORRECTION OFFICER C. KIRKEY, *et. al.*,

                            Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Michael Hudson commenced this action pro se on May 28, 2020, alleging violations of Eighth Amendment rights at Mohawk Correctional Facility against Defendants Correction Officer ("C.O.") C. Kirkey, Sergeant John Doe, C.O. John Does 1–7, Nurse Jane Doe, and Doctor Jane Doe (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). On October 13, 2020, Defendants filed their first motion for summary judgment. Dkt. No. 17. Thereafter on January 26, 2021, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a Report-Recommendation recommending that this Court grant Defendants' first motion for summary judgment. Dkt. No. 25 ("January 2021 Report-Recommendation"). This Court rejected Judge Stewart's January 2021 Report-Recommendation on May 17, 2021, and denied Defendants' first motion for summary judgment. Dkt. No. 27 ("May 2021 Order").

On July 29, 2022, Defendants filed another motion for summary judgment. Dkt. No. 49 ("Motion"). Judge Stewart issued another Report-Recommendation—the underlying Report-Recommendation at issue here—recommending that Defendants' Motion be granted in part and denied in part. Dkt. No. 55 ("Report-Recommendation"). Defendants filed objections to the

portion of Judge Stewart's Report-Recommendation recommending that Defendants' Motion be denied. Dkt. No. 57 ("Objections"). Plaintiff has not filed a response. See Docket. For the reasons that follow, the Court approves and adopts Judge Stewart's Report-Recommendation, with the modification that Judge Stewart hold an exhaustion hearing pursuant to Messa v. Goord, 652 F.3d 305 (2d Cir. 2011), to determine whether Plaintiff properly exhausted his administrative remedies concerning his excessive force claim against Kirkey.

## II. BACKGROUND

### A. Factual History

Plaintiff's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 2–3.

### B. Report-Recommendation

In the Report-Recommendation, Judge Stewart recommended that Defendants' Motion be denied in part and granted in part. Judge Stewart recommended denying Defendants' Motion predicated on the defense of exhaustion under the Prison Litigation Reform Act ("PLRA") with respect to Plaintiff's excessive force claim against Kirkey. R. & R. at 5– 7. In particular, Judge Stewart found that the record could be read to show that Plaintiff submitted a grievance that was never filed. Id. at 6. Judge Stewart also stated that Defendants failed to provide affirmative evidence to establish that no grievance was filed. Id. However, Judge Stewart recommended granting summary judgment on the rest of Plaintiff's allegations because (1) Plaintiff failed to identify the Doe Defendants; (2) Plaintiff conceded that a certain physical force incident did not occur; and (3) Plaintiff's medical indifference claim remained unexhausted. Id. at 7–8.

**III.     STANDARD OF REVIEW**

Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). De novo review "does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 406 (S.D.N.Y. 2002).

However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need only review that aspect of a report-recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."); New York City Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009))). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Federal Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). Additionally, a district court will ordinarily refuse to consider an argument that

could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.").

Rule 56 of the Federal Rules of Civil Procedure instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving part." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing a court of the basis for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In attempting to defeat a motion for summary judgment after the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not rely on mere conclusory allegations, speculation or conjecture, see Fischer v. Forrest, 968 F.3d 216, 221 (2d Cir. 2020), and must

present more than a mere "scintilla of evidence" supporting its claims, Anderson, 477 U.S. at 252. At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party, see Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S 133, 150 (2000), and must "eschew credibility assessments[,]" Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) (quoting Weyant v. Okst, 101 F.3d 845, 854 (2d Cir. 1996)). Thus, a court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

## IV.   DISCUSSION

Objections were timely filed with respect to the Report-Recommendation. See Docket. Defendants contend that Judge Stewart erred because he overlooked evidence showing that Plaintiff failed to exhaust his administrative remedies by not undertaking reasonable efforts to appeal his grievance to the superintendent level. Obj. at 2. Before addressing these arguments, the Court will discuss the relevant provisions of the PLRA and the grievance process in New York State prisons.

The PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Johnson v. Killian, 680 F.3d 234, 238 (2d Cir. 2012) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002)). "[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In other words,

"prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." Killian, 680 F.3d at 238 (quoting Jones v. Bock, 549 U.S. 199, 218 (2007)).

Nevertheless, the PLRA "contains its own textual exception to mandatory exhaustion. Under § 1997e(a), the exhaustion requirement hinges on the availab[ility] of administrative remedies." Ross v. Blake, 578 U.S. 632, 642 (2016) (quotations omitted). The Supreme Court has identified three scenarios in which an administrative procedure may be deemed unavailable for purposes of PLRA exhaustion. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end— with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. at 643 (citations omitted). Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." Id. at 643–644. Finally, "the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 644.

In New York State:

> DOCCS has a well-established three-step Inmate Grievance Program ("IGP"). N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5 (2013). Generally, the DOCCS IGP involves the following procedure for the filing of grievances. First, an inmate must file a complaint with the facility's IGP clerk within twenty-one calendar days of the alleged occurrence. Id. § 701.5(a). A representative of the facility's Inmate Grievance Resolution Committee ("IGRC") has sixteen calendar days from receipt of the grievance to informally resolve the issue. Id. § 701.5(b)(1). If there is no such informal resolution, the full IGRC conducts a hearing within sixteen calendar days of receipt of the grievance and issues a written decision within two working days of the conclusion of the hearing. Id. §§ 701.5(b)(2), (3).

6

> Second, a grievant may appeal the IGRC decision to the facility's superintendent within seven calendar days of receipt of the IGRC's written decision. Id. § 701.5(c)(1). If the grievance involves an institutional issue (as opposed to a DOCCS-wide policy issue), the superintendent must issue a written decision within twenty calendar days of receipt of the grievant's appeal. Id. § 701.5(c)(3)(ii). Grievances regarding DOCCS-wide policy issues are forwarded directly to the central office review committee ("CORC") for a decision under the process applicable to the third step. Id. § 701.5(c)(3)(i).
>
> Third, a grievant may appeal to CORC within seven working days of receipt of the superintendent's written decision. Id. § 701.5(d)(1)(i). CORC is to render a written decision within thirty calendar days of receipt of the appeal. Id. § 701.5(d)(3)(ii).

Bryant v. Whitmore, No. 14-CV-1042, 2016 WL 7188127, at *4 (N.D.N.Y. Nov. 4, 2016), report and recommendation adopted, Bryant v. Thomas, 2016 WL 7187349 (N.D.N.Y. Dec. 9, 2016).

Moreover, the Second Circuit has held that factual disputes concerning exhaustion under the PLRA must be determined by courts rather than juries. See Messa, 652 F.3d at 308–09 ("[Plaintiff] argues that, unlike other aspects of exhaustion, which he concedes are properly resolved by the court, determining whether an inmate asserts a valid excuse for non-exhaustion is a task for the jury. We are not persuaded."). Likewise, exhaustion is an affirmative defense, and the burden of proof at all times, remains on the defendant. See Ferguson v. Mason, No. 19-CV-927, 2021 WL 862070, at *3 (N.D.N.Y. Jan. 7, 2021), report and recommendation adopted, 2021 WL 531968 (N.D.N.Y. Feb. 12, 2021).

Here, Defendants object to Judge Stewart's conclusion that: "Defendant has not come forward with affirmative evidence on this Motion to establish that no grievance was filed. It is unclear why, if such evidence existed, it was not presented by Defendant." R. & R. at 6–7. Defendants argue that Judge Stewart erred because they contend that they have provided evidence showing that Plaintiff never filed grievances; they reference the evidence filed in their

7

first motion for summary judgment to support this assertion. Obj. at 2–3. Defendants rely on Local Rule 7.1(b) which provides: "Documents that are on file with the Court in the same action should not be attached as exhibits to the motion papers, but rather should reference to the appropriate docket number." Obj. at 3 (citing L.R. 7.1(b)).

The Court agrees with Defendants that they have provided evidence for purposes of this motion. They need not re-file the same evidence pursuant to Local Rule 7.1(b). See Dkt. Nos 17-4; 17-8; 17-10. Nevertheless, the Court agrees with Judge Stewart's conclusion. As this Court has stated in a previous order, "this dispute essentially boils down to a clash of sworn statements." Hudson v. Kirkey, No. 20-CV-0581, 2021 WL 1966721, at *4 (N.D.N.Y. May 17, 2021) (Kahn, J.). Similar to the facts of the May 2021 Order, Plaintiff testified that he submitted multiple grievances that were never filed, Dkt. No. 49-1 ("Plaintiff's Deposition") at 110–12, while "Kirkey submitted sworn statements from inmate grievance program supervisors indicating that a review of their records revealed that no grievance was filed." Hudson, 2021 WL 1966721, at *4. However, the Court cannot resolve the action in favor of Defendants because the Court is not convinced that Defendants have satisfied their burden of proof. As this Court noted: "To the extent that these statements are in contradiction, the Court cannot resolve this contradiction at the summary judgment stage, because this Court is prohibited from making credibility determinations." Id. As another court in this District explained:

> [T]he defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. However, once a defendant has produced reliable evidence that such remedies were generally available, and the plaintiff nevertheless filed to exhaust those remedies, the plaintiff must then counter the defendant's proof by showing that, as to him, or her, the remedy was unavailable. As a result, practically speaking, while the burden on this affirmative defense remains all times on the defendant, the plaintiff may sometimes have to adduce evidence in order to defeat it.

Coleman v. Nolan, No. 15-CV-40, 2018 WL 4732778, at *4 (N.D.N.Y. Oct. 2, 2018) (internal citations and quotations omitted).

Moreover, the framework described above "does not require a greater evidentiary showing from Plaintiff than would otherwise be required during summary judgment." Hudson, 2021 WL 1966721, at *4 (citations omitted). "A presumption's only effect is to require the party contesting it to produce enough evidence substantiating the presumed fact's absence to withstand a motion for summary judgment." Id. Thus, as this Court explained, "once Kirkey introduced evidence that there was a functional grievance system [via Dkt. No. 17], Plaintiff could not have survived summary judgment by simply pointing to Kirkey's failure to introduce evidence that this process was specifically available to Plaintiff. Rather in order to make the presumption of availability 'vanish,' Plaintiff had to produce competent evidence supporting unavailability." Id. (citing McLean v. LaClair, No. 19-CV-1227, 2021 WL 671650, at *8 (N.D.N.Y. Feb. 22, 2021)).

Like the Court found in the May 2021 Order, Plaintiff *has* submitted evidence supporting unavailability of administrative remedies. Plaintiff testified that he attempted to submit grievances twice, Pl.'s Dep. at 110–12, and then testified that after he inquired with prison officials about his grievances he was told, "you waited too many days to file again." Id. at 112. As a result, drawing all inferences in favor of Plaintiff, the record shows that he attempted to file his grievance twice and when he followed up, he was told he could not re-file because he "waited too many days to file again. . . ." Id. And because "a sworn statement [or deposition] based upon personal knowledge is sufficient when opposed only by a movant's conflicting sworn statement . . . Plaintiff's evidence is sufficient" to defeat summary judgment at this stage in the litigation. Hudson, 2021 WL 1966721, at *4 (citations omitted).

9

Likewise, "the . . . statements from each side are not necessarily inconsistent. Since the Court is required to draw reasonable inferences in Plaintiff's favor, the Court must infer that the grievance was never filed because prison authorities did not file it, not because Plaintiff did not submit it." Id. (citations omitted). See also Zulu v. Barnhart, No. 16-CV-1408, 2019 WL 2997226, at *13, (N.D.N.Y. Apr. 22, 2019) report and recommendation adopted, No. 16-CV-1408, 2019 WL 2150628, (N.D.N.Y. May 17, 2019) ("Defendants' evidence is largely consistent with plaintiff's claim that . . . the timely grievances that he attempted to submit while confined to the SHU at Marcy were not filed. The absence of any official records of plaintiff's initial attempts to grieve the incident comports with plaintiff's assertions that once he handed a grievance through the feed-up hatch in the SHU, it was out of his possession and it was not filed.").

Accordingly, Kirkey has failed to carry his burden of proof that no disputes of material fact exist regarding whether the grievance process was available to Plaintiff due to potential "machinations or misrepresentations of prison officials who inhibited the filing of Plaintiff's submissions." McLean, 2021 WL 671650, at *9. Thus, "[i]n order to determine whether Plaintiff properly exhausted administrative remedies, the Court must hold a hearing, at which a fact-finder can assess the credibility of witnesses and the relative weight of the evidence and parties presented." Hudson, 2021 WL 1966721, at 4.[1] See also McLean v. LaClair, No. 10-CV-1227,

---

[1] Kirkey also argues that Plaintiff never filed an appeal, and thus failed to exhaust his remedies. See Mot. at 7. However, Kirkey already made this argument to Judge Stewart. Mot. at 9. Thus, the Court will not relitigate this argument de novo. See Forde, 341 F. Supp. 3d at 346 ("When a party makes only conclusory or general objections, or *simply reiterates the original arguments*, the Court will review the [report and recommendation] strictly for clear error.") (emphasis added). Even assuming *arguendo* that the Court reviewed this portion de novo, the Court has already found that Kirkey failed to demonstrate an absence of material fact regarding whether administrative remedies were available. Gill v. Frawley, No. 02-CV-1380, 2006 U.S. Dist. LEXIS 101694, at *44, 2006 WL 1742738 (N.D.N.Y. May 9, 2006) (noting that "[s]ome courts

10

2021 WL 671650, at *9 (N.D.N.Y. Feb. 22, 2021) (Kahn, J.) (ordering an exhaustion hearing on a similar PLRA affirmative defense to assess the credibility of witnesses and evidence). As a result, holding an exhaustion hearing pursuant to Messa v. Goord before Judge Stewart is the most appropriate action.

Neither party filed objections to the remaining portions of the Report-Recommendation when they were due pursuant to Fed. R. Civ. P. 6(d) and 6(a)(1)(C). See generally Docket. Consequently, the Court reviews the rest of the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation with the modification regarding exhaustion.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 55) is **APPROVED and ADOPTED** with the modification that Magistrate Judge Stewart resolve the exhaustion issues concerning Plaintiff's excessive force claim against Kirkey through a hearing; and it is further

**ORDERED**, that Defendants' motion for summary judgment (Dkt. No. 49) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED**, that Defendants' motion for summary judgment (Dkt. No. 49) is **GRANTED** with respect to all claims against the unidentified John Doe and Jane Doe defendants; and it is further

---

have suggested that an inmate has exercised a reasonable effort to exhaust his administrative remedies when he has tried to properly file a grievance and that grievance has been lost or destroyed by a prison official," and collecting cases). As a result, an exhaustion hearing is required. See Woodward v. Lytle, No. 16-CV-1174, 2019 WL 2527342, at * 1 (N.D.N.Y. May 24, 2019), report and recommendation adopted, 2019 WL 2524756 (N.D.N.Y June 19, 2019) (opting to issue a decision on exhaustion subsequent to a hearing).

11

**ORDERED**, that the Clerk terminate the John Doe and Jane Doe Defendants from this action; and it is further

**ORDERED**, that Defendant's motion for summary judgment (Dkt. No. 49) is **DENIED** with respect to Plaintiff's Eighth Amendment excessive force claim against Kirkey; and it is further

**ORDERED**, that this matter is **REFERRED BACK** to Magistrate Judge Stewart to facilitate resolution of the genuine disputes of material fact surrounding Plaintiff's exhaustion of his administrative remedies, including holding an exhaustion hearing concerning his excessive force claim against Kirkey; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 2, 2023
          Albany, New York

LAWRENCE E. KAHN
United States District Judge