UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────
MICHAEL T. HUDSON,

                Plaintiff,

-against-                                  9:20-CV-581 (LEK/DJS)

CORRECTION OFFICER C. KIRKEY,

                Defendant.
─────────────────────────────────────────────

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On September 11, 2023, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a report and recommendation recommending dismissal of Plaintiff's Eighth Amendment claims. Dkt. No. 82 ("September Report and Recommendation"). Plaintiff has filed an objection to the September Report and Recommendation. Dkt. No. 83 ("Plaintiff's Objection"). For the reasons that follow, the Court adopts the September Report and Recommendation in its entirety.

### II. BACKGROUND

#### A. Factual Allegations

The Court assumes familiarity with each of Judge Stewart's reports and recommendations, as well as with the facts and testimony detailed therein. See Sept. R. & R. at 7–13; Dkt. No. 55 ("December Report and Recommendation") at 2–3.

#### B. Procedural History

Plaintiff commenced this action on May 28, 2020. See Dkt. No. 1 ("Complaint"). On October 13, 2020, Correction Officer C. Kirkey ("Officer Kirkey") filed his first motion for

summary judgment. Dkt. No. 17. In a report and recommendation issued January 26, 2021, Judge Stewart recommended that Defendant's motion for summary judgment be granted in its entirety based on Plaintiff's failure to exhaust his administrative remedies. See Dkt. No. 25 ("January Report and Recommendation") at 5–9. However, on May 17, 2021, this Court rejected Judge Stewart's report and recommendation under a clear error standard, finding that there was a genuine dispute of material fact regarding whether Plaintiff had attempted to exhaust his remedies as required. See Dkt. No. 27 at 6–9. The Court noted that, "[i]n order to determine whether Plaintiff properly exhausted administrative remedies, [it] must hold a hearing, at which a fact-finder can assess the credibility of witnesses and the relative weight of the evidence the parties present." Id. at 9. However, no such hearing was held at that time.

On July 29, 2022, Officer Kirkey filed a second motion for summary judgment. Dkt. No. 49. In his December Report and Recommendation addressing this second motion for summary judgment, Judge Stewart agreed with this Court's earlier conclusion that there was a genuine dispute of material fact regarding the exhaustion of Plaintiff's remedies. See Dec. R. & R. at 5–7. Judge Stewart accordingly recommended denying summary judgment as to Plaintiff's Eighth Amendment claims. See id. However, he recommended granting summary judgment as to Plaintiff's remaining claims. See id. at 7–8.

On March 2, 2023, this Court issued a Memorandum-Decision and Order adopting the December Report and Recommendation—but with a modification directing Judge Stewart to hold a hearing to resolve the factual question of whether Plaintiff had exhausted his administrative remedies. See Dkt. No. 58 at 5–11. On June 7, 2023, Judge Stewart presided over this hearing. See generally Dkt. No. 79 ("Exhaustion Hearing Transcript"). At Judge Stewart's direction, Plaintiff and Defendant then filed post-hearing briefs on the question of whether

Plaintiff's alleged failure to exhaust administrative remedies warranted dismissal. See Dkt. No. 80 ("Defendant's Exhaustion Brief"); Dkt. No. 81 ("Plaintiff's Exhaustion Brief"); see also Exhaustion Hr'g Tr. 93:11–94:15.

Judge Stewart subsequently issued his review of the hearing testimony and associated findings of fact in the September Report and Recommendation, which is currently before this Court. In summary, Judge Stewart finds that Defendant and his witnesses have carried their burden in establishing (1) "that there was in fact a working inmate grievance procedure available to Plaintiff" at the relevant times; (2) "that the claim against Defendant Kirkey for harassment and improper use of force was one that was grievable" under that procedure; (3) "that the Plaintiff was well aware" of this process for filing grievances; and (4) "that the records from all the facilities in which Plaintiff was housed . . . establish that no grievance or appeal was filed by Plaintiff" at the relevant times. Id. at 13. Judge Stewart also finds that Plaintiff has failed to carry his burden of establishing that "the administrative remedies outlined above were in effect 'unavailable' to him." Id. at 13–14. Accordingly, Judge Stewart now recommends that Plaintiff's Eighth Amendment claims against Officer Kirkey—and, by extension, his Complaint as a whole—be dismissed based on a failure to exhaust administrative remedies. See id. at 17.

Plaintiff has filed a one-page letter brief objecting to the September Report and Recommendation. See Pl.'s Obj. at 1. In Plaintiff's Objection, he maintains that he has "exhausted his administrative remedies" by making a "good faith effort to file a grievance," as evidenced by his "multiple attempts to mail his grievance within Mohawk Correctional Facility." Id. Plaintiff also argues that his "follow-up with the grievance coordinator" and "attempt to rectify his mail not getting out" also warrants a finding that he has "exhausted his administrative remedies." Id.

**III.   STANDARD OF REVIEW**

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See also Chen-Oster v. Goldman, Sachs & Co., No. 10-CV-6950, 2016 WL 11645644, at *1 n.1 (S.D.N.Y. June 6, 2016).

The Court assumes familiarity with, and incorporates by reference, Judge Stewart's explanation of the standards of review governing administrative exhaustion and the Prison Litigation Reform Act more generally. See Sept. R. & R. at 4–7; see also 42 U.S.C. § 1997e(a). Plaintiff has not objected to Judge Stewart's construction of these standards in the September Report and Recommendation. See Pl.'s Obj. at 1.

**IV.   DISCUSSION**

Plaintiff does not seem to object to Judge Stewart's finding that Defendant has carried his burden of establishing "that a grievance process exists and applies to the underlying dispute." Saeli v. Chautauqua Cnty., N.Y., 36 F.4th 445, 453 (2d Cir. 2022) (quoting Hubbs v. Suffolk Cnty. Sheriff's Dep't, 788 F.3d 54, 59 (2d Cir. 2015)). Instead, Plaintiff seems to object to the finding that "Plaintiff [failed] to establish that the administrative remedies outlined above were in effect 'unavailable' to him." Sept. R. & R. at 13–14. In other words, the Court interprets Plaintiff's assertion that he attempted to file his grievances multiple times as an attempt to illustrate the fact that the grievance process was, in fact, unavailable to him. See Pl.'s Obj. at 1.

However, Plaintiff does not otherwise contest any specific factual findings of the September Report and Recommendation. Judge Stewart's conclusion that Plaintiff has failed to establish the unavailability of administrative remedies is based on Plaintiff's specific failure to offer "credible evidence" to that effect at the exhaustion hearing. Sept. R. & R. at 14. This

conclusion, which Judge Stewart reaches after considering "several factors," was not addressed in Plaintiff's Objection.

Critically, Judge Stewart finds that many of Plaintiff's key claims were either speculative, internally inconsistent, or undermined by his other testimony. See id. at 14–16. Judge Stewart also notes that the only concrete evidence that Plaintiff attempted to file any grievance relates to a document allegedly filed by *another* inmate, rather than Plaintiff himself. See id. at 16. Plaintiff did not call this inmate as a witness, but the available evidence seems to suggest that this grievance was sent to the "New York State Commission of Correction," rather than the "grievance office at the Mohawk Correctional Facility." Id. And, despite subsequently being "notified that there was no report of any grievance" at Mohawk Correctional Facility before the twenty-one day reporting period had expired, Plaintiff apparently "made no effort to refile his grievance with the proper officials" and "made no request for an extension of time to submit a grievance." Id. at 17.

Judge Stewart accordingly "does not find credible Plaintiff's theory that he was somehow prevented from utilizing the available Inmate Grievance Program." Id.

Although Plaintiff has not objected to these specific factual findings from the September Report and Recommendation, the Court has nonetheless conducted a *de novo* review of the record including, *inter alia*, the Complaint, Defendant's Exhaustion Brief, Plaintiff's Exhaustion Brief, and the Exhaustion Hearing Transcript. Based upon this review, the Court agrees with Judges Stewart's analysis of the available evidence and testimony, and therefore adopts his findings of fact and law in all material respects.

Accordingly, Plaintiff's claims against Officer Kirkey are dismissed pursuant to 42 U.S.C. § 1997e(a) based on his failure to exhaust his administrative remedies. Because Officer

Kirkey is the last remaining Defendant in this action, the Court adopts Judge Stewart's recommendation that this matter be dismissed in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the September Report and Recommendation (Dkt. No. 82) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice and without leave to amend** based upon his failure to exhaust available administrative remedies before filing suit; and it is further

**ORDERED**, that the Clerk terminate this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  November 29, 2023
        Albany, New York

LAWRENCE E. KAHN
United States District Judge